SUSAN E. BASINGER, ESQ. (Bar No. 140864)
basinger@higgslaw.com
HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendant
NORTH AMERICAN COMPANY FOR LIFE
AND HEALTH INSURANCE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE W. HUNTER,<br><br>            Plaintiff,<br><br>v.<br><br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, an Illinois Corporation and DOES 1-50, inclusive,<br><br>            Defendants. | CASE NO. 08 CV 0939 DMS NLS<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**<br><br>CASE FILED: May 28, 2008<br>TRIAL DATE: Not Yet Set |

      Defendant North American Company for Life and Health Insurance ("NACOLAH"), for its Answer and Affirmative Defense to Plaintiff's First Amended Complaint states as follows:

## GENERAL ALLEGATIONS

    1.    NACOLAH denies it is liable as alleged and admits the remaining allegations of Paragraph 1 for jurisdictional purposes only.

    2.    Regarding the allegations of Paragraph 2, NACOLAH admits and states that this Court has jurisdiction of this case under 28 U.S.C. §1441.

    3.    NACOLAH admits the allegations of Paragraph 3.

    4.    NACOLAH admits the allegations of Paragraph 4, except that NACOLAH denies it is incorporated by Illinois, and states that it has been

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

861485.1                                          Case No. 08 CV 0939 DMS NLS

redomiciled in the State of Iowa. Further answering, NACOLAH states that its principle place of business remains in Illinois.

5. NACOLAH denies the allegations of Paragraph 5.

6. NACOLAH denies the allegations of Paragraph 6.

7. NACOLAH denies the allegations of Paragraph 7.

## COMMON ALLEGATIONS

8. NACOLAH admits the allegations of Paragraph 8.

9. NACOLAH admits the allegations of Paragraph 9.

10. Regarding the allegations of Paragraph 10, NACOLAH admits that the insurance policy was in full force and effect on December 6, 2006 and that Vicki Jo Hunter was murdered, but NACOLAH denies that Vicki Jo Hunter was the secondary insured on December 6, 2006.

11. NACOLAH admits that all premiums due had been paid, but denies that Vicki Jo Hunter was the secondary insured, and therefore denies the remaining allegations of Paragraph 11.

12. Regarding the allegations of Paragraph 12, NACOLAH admits that Plaintiff timely made a claim for benefits, but denies it was a proper claim or that Vicki Jo Hunter was the secondary insured.

13. NACOLAH admits the allegations of Paragraph 13.

## FIRST CAUSE OF ACTION

14. NACOLAH repeats and realleges its answers to Paragraphs 1-13 as its answer to Paragraph 14.

15. NACOLAH admits the allegations of Paragraph 15, except that it denies that Plaintiff is entitled to any benefits.

16. NACOLAH denies the allegations of Paragraph 16.

17. NACOLAH denies the allegations of Paragraph 17.

///

///

## SECOND CAUSE OF ACTION

18. NACOLAH repeats and realleges its answers to Paragraphs 1-13 as its answer to Paragraph 18.

19. NACOLAH denies the allegations of Paragraph 19.

20. NACOLAH admits it refused to pay benefits claimed by plaintiff and denies the allegations of Paragraph 20.

21. NACOLAH denies the allegations of Paragraph 21.

22. NACOLAH denies the allegations of Paragraph 22.

23. NACOLAH denies the allegations of Paragraph 23.

24. NACOLAH denies the allegations of Paragraph 24.

25. NACOLAH denies the allegations of Paragraph 25.

## THIRD CAUSE OF ACTION

26. NACOLAH repeats and realleges its answers to Paragraphs 1-13 as its answer to Paragraph 26.

27. NACOLAH admits the allegations of Paragraph 27.

28. Regarding the allegations of Paragraph 28, NACOLAH admits that an actual controversy exists but denies that Plaintiff is entitled to any relief. Further answering, NACOLAH states that on February 18, 1998 Plaintiff and Vicki Jo Hunter were divorced, and pursuant to the life insurance policy at issue, Vicki Jo Hunter therefore ceased to qualify as a secondary insured and her insurance terminated.

29. Regarding the allegations of Paragraph 29, NACOLAH admits that Plaintiff is seeking this relief but denies that Plaintiff is entitled to any relief. Further answering, NACOLAH states that on February 18, 1998 Plaintiff and Vicki Jo Hunter were divorced, and pursuant to the life insurance policy at issue, Vicki Jo Hunter therefore ceased to qualify as a secondary insured and her insurance terminated.

**WHEREFORE,** Defendant NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE requests that this Honorable Court dismiss Plaintiff's First Amended Complaint, grant judgment to Defendant declaring that it has no liability except for the return of premiums paid for Vicki Jo Hunter's secondary insurance coverage beyond February 18, 1998, and grant Defendant the recovery of its court costs and reasonable attorneys' fees.

## AFFIRMATIVE DEFENSES

1. The insurance policy at issue defines a "secondary insured" as: "The Primary Insured's lawful spouse for whom: (1) application is made; and (2) coverage is provided under the policy." (Policy at p. 6).

2. The insurance policy at issue provides that insurance for a secondary insured will terminate "on the first premium due date after … the date the individual ceases to qualify as a secondary insured." (Policy at p. 8, ¶17).

3. On February 18, 1998 Plaintiff and Vicki Jo Hunter were divorced, and pursuant to the life insurance policy at issue Vicki Jo Hunter therefore ceased to qualify as a secondary insured and her insurance terminated.

4. Immediately after NACOLAH was notified of the divorce by Plaintiff, it refunded the premiums paid for Vicki Jo Hunter's secondary insurance coverage beyond February 18, 1998.

**WHEREFORE,** Defendant NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE requests that this Honorable Court dismiss Plaintiff's First Amended Complaint, grant judgment to Defendant declaring that it

///
///
///
///
///
///

1  has no liability except for the return of premiums paid for Vicki Jo Hunter's
2  secondary insurance coverage beyond February 18, 1998, and grant Defendant the
3  recovery of its court costs and reasonable attorneys' fees.

4  DATED: June 4, 2008                    HIGGS, FLETCHER & MACK LLP

6                                         By: /s/ Susan E. Basinger
7                                             SUSAN E. BASINGER
                                              Attorneys for Defendant
8                                             NORTH AMERICAN COMPANY
                                              FOR LIFE AND HEALTH
                                              INSURANCE

1  SUSAN E. BASINGER, ESQ. (Bar No. 140864)
   basinger@higgslaw.com
2  HIGGS, FLETCHER & MACK LLP
   401 West "A" Street, Suite 2600
3  San Diego, CA 92101-7913
   TEL: 619.236.1551
4  FAX: 619.696.1410

5  Attorneys for Defendant
   NORTH AMERICAN COMPANY FOR
6  LIFE AND HEALTH INSURANCE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE W. HUNTER,<br><br>              Plaintiff,<br><br>v.<br><br>NORTH AMERICAN COMPANY<br>FOR LIFE AND HEALTH<br>INSURANCE, an Illinois Corporation,<br>and DOES 1-50, inclusive,<br><br>              Defendants. | CASE NO. 08 CV 0939 DMS NLS<br><br>**PROOF OF SERVICE** |

I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 401 West "A" Street, Suite 2600, San Diego, California 92101-7913. A copy of the within document(s):

**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

**BY ELECTRONIC FILING:**

I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a

Case 3:08-cv-00939-DMS-NLS    Document 3    Filed 06/04/2008    Page 7 of 7

| | |
|---|---|
| 1 | CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served: |
| 2 | |

Anton C. Gerschler, Esq.  Attorney for Plaintiff
Dena M. Acosta, Esq.  Phone 760.633-4060;
North County Law Firm  Fax 760.633-4066
914-A North Coast Highway 101
Encinitas, CA 92024

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 4, 2008, at San Diego, California.

/s/ Linda McMullen

LINDA McMULLEN

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

861494.1      2      Case No. 08 CV 0939 DMS NLS